United States District Court
Southern District of Texas
**ENTERED**
January 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUINLA TATUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-1294 |
| | § | |
| RICK GARDNER, CHERYL | § | |
| FENNELL, ELIZABETH FAGAN, | § | |
| AND STEPHANIE MAHER, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION

Pending before the Court[1] is Defendants Rick Gardner ("Gardner"), Cheryl Fennell ("Fennell"), Dr. Elizabeth Fagan ("Dr. Fagan"), and Stephanie Maher's ("Maher") (collectively, "Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6). (ECF No. 7). Based on a review of the motion, arguments, and relevant law, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES WITH PREJUDICE** *pro se* Plaintiff Quinla Tatum's ("Plaintiff") Complaint (ECF No. 1).

---

[1] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (ECF No. 17).

I. **Background**[2]

Plaintiff was a first-grade teacher at Atascocita Springs Elementary with Humble Independent School District ("Humble ISD"). (ECF No. 1 at 5). Humble ISD employed Plaintiff beginning in August 2021 on a probationary contract. (*Id.* at 6). Despite receiving good scores on her "TTess" evaluation and renewing her contract, Plaintiff was placed on another probationary contract. (*Id.*).

On February 20, 2023, Fennell, Atascocita Springs Elementary's Principal, visited Plaintiff's classroom and told Plaintiff her "lesson was a mess and that [Fennell] was going to request that [Plaintiff's] contract be terminated." (*Id.*). Plaintiff alleges Fennell gave her two options: "resign or [Fennell's] recommendation [would] go to the board for termination." (*Id.*). Plaintiff alleges she elected to let the board decide because "God told [her] to stand." (*Id.*). Plaintiff adds that she asked parents to send emails to the superintendent on her behalf, which she alleges they did. (*Id.*).

On April 23, 2023, Plaintiff alleges she was placed on a non-disciplinary administrative leave because Fennell and Gardner, Humble ISD's Superintendent of Human Resources, felt her actions were inappropriate and

---

[2] "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

disrespectful. (*Id.*). The next day, Plaintiff allegedly spoke with Gardner regarding the terms of her leave. (*Id.*). Plaintiff alleges Gardner stated, "it's going around that you said that Aldine ISD was not going to hire you back and you said that it wasn't going to happen in Humble ISD." (*Id.*). Plaintiff felt the statement was inappropriate and condescending. (*Id.*). Plaintiff believes Gardner received the "misinformation" from Fennell who heard it from one of Plaintiff's team members. (*Id.*).

Plaintiff remained on a non-disciplinary administrative leave for the remainder of the 2022-2023 school year. (*Id.*). On May 9, 2023, "the board" voted to terminate Plaintiff's probationary contract but provided no explanation as to why the decision was made. (*Id.*). Plaintiff called "TEA" to file a complaint. (*Id.*). Plaintiff states she was not supposed to be given a hearing examiner because she was on a probationary contract; however, Herbert Janzen was assigned to her case. (*Id.*). After reading Plaintiff's plea and Humble ISD's reply, Janzen ultimately "honored" Humble ISD's plea for lack of jurisdiction on July 27, 2023. (*Id.*).

On August 11, 2023, Humble ISD held a hearing to consider Janzen's recommendation. (*Id.*). Plaintiff alleges she "arrived at the hearing with a letter for Humble ISD to accept [her] resignation rather than terminating [her] contract." (*Id.*). Plaintiff also adds this was the first time she saw and spoke

to Dr. Fagan, Superintendent of Humble ISD. (*Id.*). After the hearing, Plaintiff alleges she received an email from Maher, an attorney for Humble ISD, with a Resignation and Release letter attached that stated Plaintiff's resignation would be honored if she waived any right to file or prosecute any legal actions against Humble ISD. (*Id.*).

On December 27, 2023, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*). The EEOC issued a right-to-sue letter on January 12, 2024. (*Id.*). On April 9, 2024, Plaintiff filed this suit, bringing a race discrimination claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (*Id.* at 4). Plaintiff alleges the discriminatory conduct includes (1) termination from her employment; (2) retaliation; and (3) "quid pro quo – my resignation would be honored if I didn't sue." (*Id.*). Plaintiff brought this case against (1) Gardner; (2) Fennell; (3) Dr. Fagan; and (4) Mahar. (*Id.* at 2).

On July 23, 2024, Defendants filed the instant Motion to Dismiss. (ECF No. 7). Plaintiff did not file a response.

## II.   Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, a court should

4

construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret.*

*Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

### III. Discussion

Defendants argue Plaintiff's Complaint should be dismissed because Title VII does not impose individual liability. (ECF No. 7 at 4). Further, Defendants contend Plaintiff's case should be dismissed with prejudice because amendment would be futile. (*Id.* at 5). Plaintiff did not file a response.[3]

---

[3] Because Plaintiff did not file a response to Defendants' Motion to Dismiss, the "motion will be taken as a representation of no opposition." S.D. TEX. LOC. R. 7.4. However, the Court still must consider the motion on its merits despite Plaintiff's failure to respond. *See James v. Dasilva Transp., Inc.*, No. 4:19-cv-592, 2021 WL 3733017, at *2 (June 24, 2021)

a. Title VII

Title VII protects employees from their employer's unlawful actions. *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011). A Title VII employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). While Title VII defines "employer" to include any agent of the employer, *see id.* § 2000e(b), the Fifth Circuit does not interpret the statute to impose individual liability on the agent. *Hebrew v. Gonzalez*, No. 4:20-cv-3679, 2021 WL 4593983, at *1 (S.D. Tex. Oct. 6, 2021); *see Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). For that reason, the Fifth Circuit has repeatedly made clear that an individual employee may not be sued under Title VII, regardless of whether it is in her individual or official capacity. *See Carey v. Lone Star Coll. Sys.*, No. 16-cv-1638, 2017 WL 9249493, at *7 (S.D. Tex. Feb. 14, 2017) (collecting cases); *see also Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003).

Here, Plaintiff has sued four individuals. (ECF No. 1 at 2). Defendants argue Plaintiff admitted Humble ISD was her employer. (ECF No. 7 at 4).

---

(citing *Robins v. PHH Mortg. Corp.*, No. 20-cv-1163, 2020 WL 5604042, at *2 (S.D. Tex. Sept. 18, 2020)).

Defendants add that Plaintiff's Complaint lacks any factual allegations to show the individual defendants were Plaintiff's employer. (*Id.*). The Court agrees with Defendants. As such, the Court dismisses Plaintiff's claims against Defendants with prejudice because Plaintiff's claims are not legally cognizable under Title VII. *See Yates v. Univ. of Miss. Med. Ctr. - Jackson*, 691 F. Supp. 3d 721, 725 (S.D. Miss. 2023) (dismissing a Title VII claim with prejudice where the plaintiff sued the defendants in their individual capacity); *see also Wallace v. B.B. Rayburn Corr. Ctr.*, No. 23-cv-2991, 2024 WL 343152, at *3 (E.D. La. Jan. 30, 2024) (same). Plaintiff has failed to state a claim for relief that is plausible against Defendants. Accordingly, the Court grants the Defendants' Motion to Dismiss (ECF No. 7).

    b. <u>Leave to Amend</u>

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021

(5th Cir. 1994); *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

"Although leave to amend should not be automatically granted, '[a] district court must possess a substantial reason to deny a request for leave to amend[.]'" *Tucker Energy Servs., USA, Inc. v. Ricoh Americas Corp.*, No. 4:12-cv-0417, 2012 WL 2403513, at *1 (S.D. Tex. June 25, 2012) (quoting *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). Courts may also deny leave to amend when a plaintiff fails to formally request leave to amend. *See Great Plains Tr. Co.*, 313 F.3d at 330; *see also Steel v. IBERIABANK Corp.*, No. 6:20-cv-01474, 2021 WL 500422, at *1 (W.D. La. Feb. 10, 2021).

Here, Plaintiff neither filed a response nor requested leave to amend her Complaint. Moreover, any amendment would be futile because none of the individual defendants may be liable under Title VII, for the reasons discussed above. As such, the Court finds dismissal with prejudice is appropriate. *See Johnson v. United States Postal Serv.*, No. 3:15-cv-1081, 2016 WL 791076, at

*2 (N.D. Tex. Jan. 27, 2016), *report and recommendation adopted sub nom. Johnson v. United States Postal Office*, No. 3:15-cv-1081, 2016 WL 775793 (N.D. Tex. Feb. 29, 2016) (finding dismissal of a *pro se* plaintiff's complaint with prejudice appropriate where the plaintiff did not respond to a dismissal motion, failed to request leave to amend, and would not be able to bring a Title VII suit based on the allegations in his complaint); *see also Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after *pro se* plaintiff failed to respond to defendant's motion to dismiss despite being invited to do so); *Stretcher v. Bank of Am., N.A.*, No. 3:13-cv-2932, 2013 WL 6017460, at *4 (N.D. Tex. Nov. 13, 2013), *aff'd*, 574 Fed. Appx. 474 (5th Cir. 2014) (denying leave to amend and dismissing case with prejudice after concluding that plaintiffs had pled their best case where they did not respond to dismissal motion or request leave to amend complaint).

### IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint (ECF No. 1).

**SIGNED** in Houston, Texas on January 24, 2025.

_____
Richard W. Bennett
United States Magistrate Judge

10